## Schultz v. Pennsylvania Greyhound Lines, Inc.

*Bryan, Joslin & Bryan*, for plaintiff.

*Gifford, Graham, MacDonald & Illig*, for defendants.

*Quinn, Leemhuis, Plate & Dwyer*, for General Telephone Co.

EVANS, P. J., February 14, 1956.—This matter is before us on a motion of plaintiff to consolidate for trial three cases now pending in this court as a result of a collision between an automobile driven by plaintiff and a truck owned by defendant Pennsylvania Greyhound Lines and driven by defendant Leo Omert.

Plaintiff Schultz started action June 2, 1955, by issuance of a summons, which was not immediately served upon defendants, Pennsylvania Greyhound Lines and Leo Omert. On June 17, 1955, the General Telephone Company of Pennsylvania instituted suit against George P. Schultz, the Pennsylvania Greyhound Lines and Leo Omert to recover damages in the amount of $110 for the destruction of a telephone pole, off but near the highway at the scene of the accident. The Pennsylvania Greyhound Lines, without knowledge of the Schultz action because service of the summons was not had, instituted action against Schultz on August 23, 1955, to recover its damages caused in the accident.

In September, 1955, Schultz filed preliminary objections to the complaint of the Pennsylvania Greyhound Lines but never placed the matter on the argument list. The telephone company moved for and had arbitrators appointed to consider its action to recover the sum of $110. The telephone company now objects to the consolidation of its claim with the others for the reason that it is ready for trial before the arbitrators and desires the matter to be handled with dispatch. However, counsel for the telephone company agreed to stipulate with the other two litigants that the case now pending before arbitrators will be with-

drawn if the right of recovery to the telephone company is conceded and the responsibility of either or both defendants in their trials is to be the determining factor on the point of negligence, and the responsibility as there determined applied to fix liability for the telephone company claim.

Counsel for George Schultz refuses to so stipulate and also objects to two trials, one before the arbitrators and the other before a jury for the reason that it will require him bringing witnesses for some distance on two separate occasions. There is no merit to this because under the proposed stipulation only one trial would be had and the liability of one or both defendants to the telephone company therein determined. Otherwise the only reason for the objection is the beneficial psychological effect he might have before a jury in being opposed by two corporations. We do not feel this sufficient reason to justify the delay in the telephone company case.

And now, to wit, February 14, 1956, the motion for consolidation of the cases of General Telephone Company of Pennsylvania v. Pennsylvania Grayhound Lines, Inc., and George P. Schultz, no. 219, September term, 1955, for trial with the action in the above entitled term and number is refused.